IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO: |
| Plaintiff, | ) | COMPLAINT AND |
| v. | ) ) | **JURY TRIAL DEMAND** |
| SPITZER MANAGEMENT, INC. and SPITZER MOTOR CITY, INC. | ) ) ) | |
| Defendants. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to individuals who were adversely affected by such practices. As articulated with greater particularity in Paragraphs 8 and 9 below, Spitzer Management, Inc. and Spitzer Motor City, Inc. ("Defendants" the "Employers") discriminated against Hakim Nuriddin on the basis of race, Black, and in retaliation because Mr. Nuriddin engaged in activity protected by Title VII. Defendants also discriminated against Dean O. Okafor in retaliation because Mr. Okafor engaged in activity protected by Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1)

1

and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Spitzer Management, Inc. has continuously been an Ohio corporation doing business in the State of Ohio, County of Lorain and City of Elyria, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Spitzer Motor City, Inc., has continuously been an Ohio corporation doing business in the State of Ohio, County of Cuyahoga and City of Cleveland, and has continuously had at least 15 employees.

6. At all relevant times Defendant Employers, described in paragraphs 4 and 5 above, have continuously been engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Mr. Nuriddin and Mr. Okafor each filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Spitzer Motor City, Inc. All conditions precedent to the institution of this

lawsuit have been fulfilled.

    8.    Since at least October 1, 2006, Defendant Employers have engaged in unlawful employment practices at the facility located at 13001 Brookpark Road, Cleveland, Ohio in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2 (a)(1) and 3(a). The alleged unlawful practices include, but are not limited to:

    (a)    Subjecting Mr. Nuriddin to different terms and conditions of employment on the basis of Mr. Nuriddin's race, Black, and because Mr. Nuriddin filed a charge of discrimination against Defendants' Spitzer Motor City, Inc. dealership, alleging race discrimination and retaliation.

    (b)    The unlawful race discrimination and retaliation consisted of, among other things, harassing and humiliating Mr. Nuriddin, demoting Mr. Nuriddin, cutting his pay and work hours, falsely accusing Mr. Nuriddin of engaging in improper conduct in the workplace, and threatening Mr. Nuriddin with discharge.

    9.    Since at least October 1, 2006, Defendant Employers have engaged in unlawful employment practices at the facility located at 13001 Brookpark Road, Cleveland, Ohio in violation of Section 704(a)(1) of Title VII, 42 U.S.C. §2000e-3(a). The alleged unlawful practices include, but are not limited to:

    (a)    Subjecting Mr. Okafor to a pattern of unlawful retaliation after the Commission filed suit against Defendants based upon Mr. Okafor's charge of discrimination which alleged national origin discrimination.

    (b)    The retaliation consisted of, among other things, mocking Mr. Okafor because he filed a charge of discrimination with the EEOC, telling employees to stay away from Mr. Okafor because he is "poison," treating Mr. Okafor differently than other salespersons with respect to the assignment of customers, the handling of sales and commissions and unfairly singling Mr. Okafor out for disciplinary action, harassing and humiliating Mr. Okafor.

    10.    The effect of the practices complained of in Paragraphs 8 and 9 above has been to deprive Mr. Nuriddin and Mr. Okafor of equal employment opportunities and otherwise

adversely affect their status as employees due to impermissible consideration of race, and retaliation, in violation of Title VII.

11. The unlawful practices complained of above were intentional.

12. The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of Mr. Nuriddin and Mr. Okafor.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns and all persons in active concert or participation with them, from discriminating against individuals on the basis of race.

B. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns and all persons in active concert or participation with them, from retaliating against any individual who engages in conduct protected by Title VII .

C. Order Defendant Employers to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees without regard to their race and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employers to institute and carry out a complaint procedure which encourages individuals to come forward with complaints regarding violations of Title VII and/or of Defendants' policies against discrimination and unlawful retaliation.

E. Order Defendant Employers to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a

duty to actively monitor their work areas to ensure compliance with Title VII and/or Defendants' policies on non-discrimination and requiring all managers and supervisors to report any incidents and/or complaints of discrimination or retaliation of which they become aware to the person or department charged with handling such complaints.

     F.     Order Defendant Employers to make whole Mr. Nuriddin and Mr. Okafor and any aggrieved individuals by providing appropriate monetary relief including backpay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

     G.     Order Defendant Employers to make whole Mr. Nuriddin and Mr. Okafor and any aggrieved individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 8 and 9 above, including but not limited to out of pocket losses.

     H.     Order Defendant Employers to make whole Mr. Nuriddin and Mr. Okafor, and any aggrieved individuals by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in Paragraph 8 and 9 above, including emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be proven at trial.

     I.     Order Defendant Employers to pay Mr. Nuriddin and Mr. Okafor, and any aggrieved individuals punitive damages for its malicious and reckless conduct described in Paragraphs 8 and 9, above, in amounts to be determined at trial.

     J.     Grant such further relief as the Court deems necessary and proper in the public interest.

     K.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        RONALD S. COOPER
        GENERAL COUNSEL

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Washington, D.C.

        JACQUELINE MCNAIR
        Regional Attorney
        Philadelphia District Office
        Philadelphia, PA 19106

        /s/C. Larry Watson
        C. LARRY WATSON
        Associate Regional Attorney
        Registration No. 0031443
        Larry.Watson@eeoc.gov

        /s/Solvita A. McMillan
        SOLVITA A. MCMILLAN
        Senior Trial Attorney
        Registration No. 0040011
        EQUAL EMPLOYMENT OPPORTUNITY
         COMMISSION
        Cleveland Field Office
        Anthony J. Celebrezze Office Building
        1240 East Ninth Street     Suite 3001
        Cleveland, Ohio  44199
        (216) 522-7676
        (216) 522-7430 fax
        Solvita.McMillan@eeoc.gov